GEORGE D. PENNIMAN ET AL., RECEIVERS, *vs.* THE
MINERS AND MERCHANTS BANK.

*Appeal—Intervention by Third Party in Action on Promissory Note.*

After the entry of a judgment in a suit on certain promissory notes and its
satisfaction, an order of Court authorized the defendant to withdraw
the notes from that Court for the purpose of filing them as claims in a
proceeding against an endorser. Subsequently a third party petitioned
the Court to order the return of the notes, alleging himself to be enti-
tled to the same. *Held*, that no appeal lies from an order dismissing
this petition because it was not a final order determining the ownership
of the notes and also because the question of title to them could not be
determined upon this petition filed in a cause to which the petitioner
was not a party.

Appeal from the Superior Court of Baltimore City
(WICKES, J.)

The cause was submitted to the Court on briefs by:

*Edward C. Carrington, Jr.*, for the appellants.

*Gans & Haman*, for the appellee.
There is no practice known in Maryland by which a stran-
ger may intervene in a suit at law to which he is not a party,
and assert rights in such suit against the parties thereto.
There are a few instances where under special statutes some-
thing of the kind is allowed, as in the case of claimants in at-
tachment suits and claimants of goods seized under a writ of
*fi. fa.* There is, however, no general practice of this kind.

Briefly summarized, the situation here is that A sues B on
a promissory note, the appellant C comes in by petition, as-
serts that the note filed in the case is his, and asks the Court
to order its delivery to him. Such a course of procedure we
submit is absolutely unknown in Maryland law. There is no
reason for permitting such a procedure and strong reason
against it.

(a.) Because the claimant has several courses open to him which will afford him full relief.

(b.) Because a Court of law is not adapted for the determination of triangular disputes.

The remedies open to a claimant in such case are as follows: He may bring a suit in trover for the wrongful conversion of the note. He may, if the note is not *in custodia legis*, sue in replevin for its recovery. He may proceed by bill in equity and in a proper case obtain an injunction against the plaintiff to prevent the continued prosecution of the suit. He may sue the defendant and in a proper case recover against him regardless of the actual custody of the note.

We must also consider the confusion and difficulties incident to such a practice as that which the appellants now seek to introduce. A Court of law has no machinery adapted to the determination of a triangular dispute of this kind. A jury could not be impaneled to determine the issues between the three parties, and the case could not be heard piecemeal by the same or different juries impaneled at different times in the same case. The Judge would have no right to determine disputed questions of fact affecting title which might arise on such petitions.

In short, we submit that the procedure attempted here, if sanctioned, would be simply revolutionary. A stranger cannot intervene in a suit at law in any such manner. Even if he had such a right he would have to proceed in an orderly manner and first ask to be made a party. Here the appellants had no right to become a party to the case. They never did become parties to the case, and hence they have no standing to appeal.

The order of April 18th, 1904, relates to a matter resting in the sound discretion of the lower Court, and is not subject to appeal.

The order passed on October 31st, 1903, permitted the withdrawal of the notes upon leaving copies thereof. The petition asks in substance a reversal of this order. We see, therefore, that the question involved is whether or not the

Court should have permitted the withdrawal of certain papers from its files and the substitution of copies therefor.  It is familiar, indeed daily practice in Baltimore City for the Courts to pass orders of this kind.  The jurisdiction to pass such an order rests on the control which every Court has over its own records and files.  Notwithstanding the hundreds of similar orders which have been passed and occasional cases in which they have been refused, can the appellants point to a single case where such a matter has ever been brought before this Court on appeal?

The appellants are, in effect, asking this Court to undertake to regulate the keeping of the files in the Clerk's offices in every Court of the State.  Such orders do not determine the title to the papers withdrawn.  They do not determine any right between the parties.  They at most determine the temporary custody of the paper.  It would be unjustly burdensome to this Court, and indeed, incompatible with its dignity, to require it to pass upon such matters of mere routine.

The notes in question are no longer under the control of the Superior Court.  That Court had, months before the petition was filed, permitted their withdrawal for the purpose of filing them in the Circuit Court No. 2, of Baltimore City, and had thereby lost all jurisdiction over them.  If by any kind of elastic practice a petition like that of the appellants can be maintained, it must certainly be in the Court which has jurisdiction over the notes.  This is in the Circuit Court No. 2, where the notes are now on file, and not the Superior Court.  Any other rule would lead to a conflict between the various Courts.  How can the Superior Court of Baltimore City require the Circuit Court No. 2, of Baltimore City, to give up a part of its files?  This is exactly, however, what must be done to carry out the prayer of the appellant's petition.

Again, what forum is better able to determine the question of the bank's claim to these notes than the equity Court, where they are now filed as claims against The City Trust and Banking Company?  The whole matter can be worked out in that Court under exceptions to the claims of the var-

ious parties concerned. Indeed, this is actually being done in that Court at the present time.

BRISCOE, J., delivered the opinion of the Court.

P. Clarence Barnes sued the Miners and Merchants Bank of Lonaconing, a corporation of the State of Maryland, in the Superior Court of Baltimore City on two notes of $5,000 each, one signed by a certain John H. Garbaugh and the other by E. H. Glidden. The notes were endorsed by the payee, the City Trust and Banking Company of Baltimore, and duly assigned to the plaintiff. The defendant corporation was a stockholder in the City Banking Company, and owned at the time of the suit five hundred shares of its capital stock of the value $10 per share.

The declaration alleges that the banking company is insolvent and in the hands of receivers, and the suit was brought against the defendant, as stockholder, to recover its liability, under the Act of 1892, ch. 109, for the indebtedness due from this company to the plaintiff.

It appears from the record that on the 15th of September, 1903, a judgment by confession was entered in favor of the plaintiff for the sum of $10,000, and on the same day judgment was entered satisfied by order of the attorneys for the plaintiff.

Subsequently, on October 21st, 1903, the defendant corporation filed a petition in the Superior Court of Baltimore alleging the payment of the judgment, and asking leave to withdraw the notes in order to file them as claims against the City Banking Company. An order was passed allowing the withdrawal of the notes upon leaving copies; they were afterwards withdrawn from the case, and filed in Circuit Court No. 2, of Baltimore City.

On the 3rd of March, 1904, the appellants as receivers of the City Trust and Banking Company filed a petition in the case wherein judgment had been rendered alleging in substance that they are entitled to have surrendered to them the two notes filed in the suit, as an asset of the City Trust and Bank-

ing Company, and that the defendant corporation be required to return the notes to Court, and they be surrendered upon their return to the appellants as an asset of the trust company.

To the petition thus filed, the defendant corporation demurred, and from an order of Court sustaining the demurrer, this appeal has been taken.

The appellee has submitted a motion to dismiss the appeal and as it must prevail, there will be no necessity to consider the questions sought to be raised on the record.

The grounds for the motion are, (1) because the appellant is not and never was a party to the case in which the appeal is taken, (2) because the order of April 18th, 1904, from which the appeal is taken relates solely to a matter within the discretion of the lower Court determines no right between the parties, and is not subject to appeal.

The appeal is stated by the appellants' "order for appeal" to have been taken from an order of the Superior Court of Baltimore City, sustaining the defendants' demurrer and dismissing the plaintiffs petition. No order appears from the record to have been passed by the Court below dismissing the petition. The only entry that appears as to the action of the Court below is the following "Docket Entry," 18th of April, 1904, demurrer sustained."

But if it be assumed that an order such as appears by "the order for an appeal" had been passed by the Court, we do not think it would be an order from which an appeal would lie.

The relief asked by the prayer of the petition was, (1) that certain notes which had been filed in a suit at law between one Barnes and the appellee corporation, and which had been withdrawn from the suit by an order of Court and had been filed in another Court, should be returned to the Court from whence they had been withdrawn, and (2) that they be surrendered upon their return to the appellants, as an asset of their company, with the right to bring suit against the makers thereof.

The appellees demurred to this petition upon the ground,

that it was bad in substance, insufficient in law, and did not on its face, state a case entitling the petitioner to the relief prayed. The Court sustained the demurrer, and thereby denied the relief asked by the petition.

To have granted the relief asked would have required a reversal of the order of Court previously passed on the 31st of October, 1903, permitting a withdrawal of the notes from the files of the Court. The order dismissing the petition was practically a refusal to strike out the order of the 31st of October, 1903. This order did not determine or conclude any right between the parties. It did not determine the title to the papers withdrawn and is not subject to appeal.

Besides this, the question of the claim or title to the notes could not be determined in a proceeding of this kind. The appellants were not parties to the suit at law, and the Superior Court had no further control or jurisdiction over the notes, as they had been withdrawn, and filed as part of the records of Circuit Court No. 2, of Baltimore City. Whatever claim or right the appellants may have to the notes in question will have to be asserted in the Circuit Court and not in the proceeding here instituted. The motion to dismiss the appeal, will be granted and the appeal dismissed.

*Appeal dismissed with costs.*

(Decided January 12th, 1905.)